### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**PAUL VINCENT FOX**                                                    **PLAINTIFF**
**ADC #186664**

**v.**                              **CASE NO.  4:25-cv-01221 JM**

**GARRY GRIFFIN, Officer,**
**Conway City Police Department,** *et al.*                    **DEFENDANTS**

### ORDER

On March 2, 2026, the Court granted plaintiff Paul Vincent Fox's motion to proceed *in forma pauperis*, screened his complaint, and requested an amended complaint. (Doc. 3). Specifically, the Court determined that, while Fox alleged that he had been subjected to excessive force, he had failed to identify both (1) who was responsible for the force and (2) what, if any, injury resulted from the force. (*Id*.). Fox timely filed an amended complaint[1] (Doc. 4), which must be screened. 28 U.S.C § 1915A.

Fox sues the City of Conway as well as Conway Police Chief Chris Harris and Officers Garry Griffin and Brandon Huff. (Doc. 4). He sues defendants in both their individual and official capacities seeking damages. (*Id*.). Fox's amended complaint contains a variety of alleged constitutional claims arising from his November 23, 2022 arrest. (*Id*. at 6). Fox does not disclose he events leading up to the arrest. Instead, his factual narrative begins when the officers are already talking with him. Fox says that Officer Griffin ran at him while cursing that he needed to get on the ground. (*Id*.). When hit unexpectedly by Griffin, Fox says that he heard something pop in his back and immediately knew he was injured. (*Id*. at 7). According to Fox, he was not resisting in

---

[1] "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).

any way and was surprised by Griffin's reactive force. (*Id*.). Fox remembers hearing Griffin ask Officer Huff to assist him but that Huff threw his hands up and refused. (*Id*.). Fox interpreted Huff's response to Griffin as acknowledgement that Griffin had acted illegally. (*Id*.).

Fox maintains that his repeated pleas to Griffin to stop because he was hurt and to Huff for assistance were ignored. (*Id*.). Griffin allegedly told Fox, "shut your mouth, I told you not to talk." (*Id*. at 9). Fox suggests that Griffin's refusal to let him explain himself constitutes a violation Fox's right to free speech. (*Id*.). He also claims he was denied due process and equal protection.

On his arrest, Fox says that he was taken to the Faulkner County Sheriff's Department without medical treatment. (*Id*. at 10). Once released from custody, Fox sought medical attention and was treated for a spinal injury, various abdominal injuries including a hernia, and cardiac issues. (*Id*. at 10–12).

Fox's claims can be narrowed. Fox's claims that defendants violated his right to free speech, due process, and equal protection are *Heck*-barred. A public records search reveals that, as a result of the November 23, 2022 arrest, Fox was criminally charged with two counts of second-degree battery, three counts of endangering the welfare of a minor, and one count each of criminal mischief and intimidating a witness. *See State v. Fox*, 23CR-22-1175 (Faulkner County) (Docket Sheet).  A jury found Fox guilty on all charges, and he was sentenced to 204 months' imprisonment in the Arkansas Division of Correction. *Id*. (Sentencing Order).

If a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of a state conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-78 (1994). Here, a finding in Fox's favor as regards the above-identified constitutional allegations would call into question

2

the validity of his convictions, and nothing in his pleadings indicates that his convictions have been called into question by the issuance of a federal writ of *habeas corpus*. In fact, the opposite is true because Fox's convictions have been affirmed by the Arkansas Court of Appeals. *See Fox v. State*, 2026 Ark. App. 285. Accordingly, Fox's damages claims challenging free speech, equal protection, and due process are barred under the Supreme Court's ruling in *Heck*. Even were these arguments not *Heck*-barred, they would be dismissed as scantily and insufficiently pleaded. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007).

This leaves Mr. Fox's excessive force claim. His claims against the City of Conway, his official and individual-capacity claims against Chief Harris, and his official capacity claims against Griffin and Huff are dismissed. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). As a result, Fox must establish municipal liability to succeed on his official capacity claims and on his claim against the City. To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury. *Corwin v. City of Independence, Missouri,* 829 F.3d 695, 699 (8th Cir. 2016) (*citing Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)). While Fox attempts to chin this bar, he has not factually supported his claims that the City had an unlawful policy with regard to force. And while Fox says that Harris allowed the force, he has not factually supported this claim. Liability under § 1983 requires "direct responsibility for the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Harris was not present when Fox was arrested; therefore, Harris is not individually responsible for the force used during the arrest.

For screening purposes only, the Court finds that Fox has plausibly stated both an individual-capacity excessive force claim and an intentional-indifference-to-medical-needs claim against Officer Griffin.  Fox has also stated an individual-capacity failure-to-intervene claim against Officer Huff. These lone claims will be served. All other claims and parties are dismissed for the previously stated reasons.

The Court directs the Clerk to prepare summonses for Officers Griffin and Huff and deliver the summonses along with a copy of the Complaint (Doc. 2), Amended Complaint (Doc. 4), the Court's initial Order (Doc. 3), and this Order to the U.S. Marshal for service, without requiring prepayment of fees and costs or security. The Defendants may be served through their employer, the Conway Police Department.

Finally, Fox's motion for the appointment of appellate counsel (Doc. 5) is denied. *Pro se* litigants do not have a constitutional or statutory right to appointment of counsel in civil cases. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).

IT IS SO ORDERED this 11th day of May, 2026.

_____
UNITED STATES DISTRICT JUDGE